SHERIFF AND DEPUTIES — FUNDS FOR SPECIAL TYPES OF COMPENSATION There is no statutory authority for compensating a Sheriff and/or his Deputies relative to special investigations for determining pauper status. Further, 28 O.S. 39.4 [28-39.4] (1970) specifically authorizes compensating a Sheriff and/or his Deputies a rate of ten cents (10c) per mile for serving bench warrants issued by the Court in criminal matters only, such compensation to be paid out of the County General Fund and not the Court Fund. Further, pursuant to 57 O.S. 180.43 [57-180.43] (1970), compensation for mileage to the Sheriff and/or his Deputies for transporting inmates generally is to be paid from the County General Fund and not the Court Fund. The Attorney General is in receipt of your letter dated April 6, 1971, wherein you ask the following questions: "May any or all of the following items be paid from the Court Fund, assuming that it meets with the approval of a majority of the governing board of said fund: "(1) May the Sheriff and/or his Deputies be compensated for mileage incident to special investigations conducted for the Court relative to determining whether alleged paupers are in fact paupers and entitled to the appointment of attorneys? (2) May the Sheriff and/or his Deputies receive mileage for serving Bench Warrants issued by the Court? (3) May the Sheriff and/or his Deputies receive mileage for transporting inmates from penal institutions when ordered to do so by the Court?" (Emphasis added) Title 20 O.S. 1304 [20-1304] (1970) provides in part as follows: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the Court in said county, and are approved by the Governing Board of the Court Fund or a majority thereof. The term `expenses' shall include . . . paying principal and interest on bonds . . . fees of jurors and witnesses, per diem of bailiffs, office supplies, furniture, fixtures and equipment and the maintenance thereof, for the Judge's chambers, the Courtroom, the Clerk's office, other areas primarily used for judicial functions, and the Law Library only, judicial robes, printing, the publication of the Court dockets in a daily newspaper qualified to publish legal notices in the county, books for records, postage, attorney's fees for paupers, transcripts ordered by the Court, parttime help, special services in instances hereafter authorized by law, and redecoration of the Courtroom, the Judge's chambers and the Clerk's office;. . ." As to Question No. 1, Section 1304 contains no specific authorization as to compensation for special investigations relative to determining pauper status. Title 28 O.S. 39.4 [28-39.4] (1970) provides as follows: "The Sheriff or any Deputy shall receive from the general fund of his county ten cents ($0.10) for each mile actually and necessarily traveled in his county in serving or endeavoring to serve any writ, warrant, order, process, command or notice, or in pursuing any fugitive from justice." (Emphasis added) Section 28 O.S. 39.4 [28-39.4] contains no specific authorization for mileage to be paid for any such special investigations, whether the source of payment be Court Fund or County General Fund. As to Question No. 2, 19 O.S. 525 [19-525] (1970), provides in part: "If a bench warrant or a command to enforce an order is issued in a civil case and delivered to the Sheriff of another county for service, and the Sheriff has taken into custody the person violating such bench warrant or order, the Sheriff of the county in which the bench warrant or order was originally issued may proceed to the county where said person is in custody, and return such person to Court, and shall be paid ten cents (10c) per mile for each mile traveled, and, in addition thereto; shall be allowed the necessary expenses of meals and lodging for himself and any necessary assistant. . .The amount for such expenses shall be taxed as Court costs in the case in which said bench warrant or order was issued. . .; but in no event shall such expense be a claim against the county or court fund." (Emphasis added) Section 39.4 as hereinbefore cited clearly pertains to criminal proceedings and provides that the Sheriff or any Deputy will receive ten cents (10c) per mile for serving or endeavoring to serve any warrant, and such expense will be reimbursed from the general fund of his county. Therefore, Section 525 provides that in civil matters, mileage and expenses of the Sheriff and/or his Deputy are to be taxed as costs in the particular case; in criminal matters, Section 39.4 specifically provides that the county general fund will constitute the source fund from which expenses for serving bench warrants issued by the Court are charged. As to Question No. 3, Attorney General Opinion No. 69-245 (2-13-70) provides as follows: "The expenses of a U.S. Marshal in transporting a federal prisoner to his place of state trial are payable from the County Court Fund provided such expenses are necessary to assure the presence of the defendant." (Emphasis added) In said Opinion, it was noted that 19 O.S. 541 [19-541] (1961) authorizes payment from the County General Fund, the expenses of the Sheriff or his Deputies only for the transporting of accused persons. Title 57 O.S. 95 [57-95] (1970) provides generally that a Sheriff or his Deputies shall be compensated for transporting and delivering sentenced persons as provided in 19 O.S. 180.43 [19-180.43] (1970). Section 180.43 provides specifically as to fees and mileage payments to compensate the Sheriff and/or his Deputies, all expenses of which are to be paid from the County General Fund. Section 19 O.S. 180.43 [19-180.43] covers not only transporting sentenced prisoners to their assigned detention center, but also transporting prisoners in general, which logically would include transporting inmates from penal institutions when ordered to do so by the Court. It is, therefore, the opinion of the Attorney General that Question No. 1 be answered in the negative. There is no statutory authority for compensating a Sheriff and/or his Deputies relative to special investigations for determining pauper status. Further, it is the opinion of the Attorney General that Question No. 2 be answered in the negative. Title 28 O.S. 39.4 [28-39.4] (1970) specifically authorizes compensating a Sheriff and/or his Deputies a mileage rate of ten cents (10c) per mile for serving bench warrants issued by the Court, such compensation to be paid out of the County General Fund and not the Court Fund. Further, it is the opinion of the Attorney General that Question No. 3 be answered in the negative. Pursuant to 57 O.S. 95 [57-95] (1970) and 19 O.S. 180.43 [19-180.43] (1970), compensation for mileage to the Sheriff and/or his Deputies for transporting inmates generally is to be paid from the County General Fund and not the Court Fund. (Larry L. French)